**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2009

Charles R. Fulbruge III
Clerk

_____

No. 08-30912
Summary Calendar

_____

HEATHER JENKINS; MELISSA DAWN
McKEE

Plaintiffs-Appellants

v.

SLIDELLA, LLC; SIZELER REAL ESTATE
MANAGEMENT COMPANY, INC.; FLOURNOY
CONSTRUCTION COMPANY, LLC

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-370)

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Heather Jenkins and Melissa Dawn McKee ("Plaintiffs") appeal from the district court's grant of the summary judgment motions of all defendants, dismissing plaintiffs' action with prejudice. We affirm.

Plaintiffs' claims against the defendants are grounded in assertions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that they, as tenants under a residential lease of an apartment in Slidell, Louisiana, allegedly owned by defendant Slidella LLC or Sizelor Property Investors, Inc., or both, allegedly managed by Sizelor Real Estate Management Company, Inc., and allegedly constructed by defendant Flournoy Construction Company, LLC., suffered various health problems that they attribute to exposure to toxic mold. Plaintiffs blame the presence of such mold on errors or omissions of the various defendants.

Following the plaintiffs' designation of Chester J. Doll, Johnny Belenchia, and Ernest D. Lykissa as expert witnesses, defendants filed motions *in limine* to exclude the testimony of those persons for their failure to meet the requirements for expert testimony prescribed in Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). Defendants also filed motions for summary judgment of dismissal, conditioned on their success in convincing the district court to grant their motions *in limine* and exclude the testimony of the plaintiffs' aforesaid expert witnesses.

Following due proceedings had, the district court granted those motions *in limine* for reasons extensively set forth in the court's Order and Reasons entered June 27, 2008, and for additional reasons set forth in its Judgment of July 17, 2008 dismissing plaintiffs' suit with prejudice at their cost. Following post-judgment motion practice, plaintiffs timely filed their notice of

appeal on September 10, 2008.

We have now reviewed the record on appeal for this case, including the briefs of the parties and the reasons explained by the district court for excluding the testimony of the expert witnesses proffered by the plaintiffs, in the absence of which plaintiffs obviously had insufficient evidence to pursue their claims. Our *de novo* review of the rulings of the district court satisfies us that they and the eventual orders and judgments of that court are not just free of reversible error but are correct and proper. For essentially the same reasons set forth by the district court, we affirm the exclusion of the testimony of those expert witnesses and therefore affirm the judgment of the district court dismissing the plaintiffs' action with prejudice as well. AFFIRMED.